This is a suit for an injunction filed by local 426 of the hod carriers union to restrain members of a so-called union 502 from holding themselves out as such.
Up to February, 1926, local 426 was the only hod carriers local in Orange. On that date the international organization, whose headquarters are in Massachusetts, chartered local 502.
Complainant contends that local 502 is without authority to function as such. It is contended by the defendants, in the first place, that local 426, being a voluntary association, has no power to bring suit in its own name.
I shall not decide this question of jurisdiction because I can, I think, dispose of the matter on other grounds.
It is conceded that both these locals are voluntary organizations and their dispute is an internal one. *Page 475 
In 5 Corp. Jur. 1364 the following rule is stated: "The courts will not interfere with the internal affairs of an unincorporated association so as to settle disputes between the members, or questions of policy, discipline or internal government so long as the government of the society is fairly and honestly administered in conformity with its laws and the law of the land, and no property or civil rights are invaded."
Many cases are cited.
In the case of Mayer v. Journeymen Stonecutters'Association, 47 N.J. Eq. 519, Vice-Chancellor Green said: "Courts do not exercise visitorial powers over voluntary associations or their proceedings except to prevent the violation of some law of the state or to protect or enforce some right already acquired."
In Plemenik v. Prickitt, affirmed by the court of errors and appeals on the opinion below (97 N.J. Eq. 340), Vice-Chancellor Bentley said (at p. 341): "To attempt to answer the brief filed on behalf of complainant in detail would be intolerable. The bill must be dismissed. It is so well established as not to require citation and authorities that courts will not interfere with the internal affairs of voluntary associations such as to be dealt with here except in cases of fraud, lack of jurisdiction, c. * * * Grand Lodge, c., v.Wieland Lodge, c., 93 N.J. Eq. 129."
Complainants, however, claim that fraud has been shown, and so allege in their bill. I do not think they have established any fraud.
Furthermore, I do not think complainants are entitled to relief because they have not exhausted their remedies within the organization. Section 5 of the constitution of the international body provides for appeal from the decision of the executive board, and section 21 says said executive board shall have entire control of the judicial business of the union, including appeals and disputes between members or locals. It also provides for an appeal.
If complainant was dissatisfied with the chartering of defendant, it should have appealed to the executive council and from there to the convention. This was not done, according to the testimony. O'Brien et al. v. Musical Mutual Protective *Page 476 Union, 64 N.J. Eq. 525. Vice-Chancellor Emery, in that case, held: "The rights of membership evidenced by a charter granted to a local voluntary society are not in any sense themselves property rights. If a voluntary association refuses to continue association with a local association, both being unincorporated, a court of equity cannot, in the absence of any question of property right, enforce the continuance of the relation voluntarily assumed."
I cannot, therefore, see how this court can, at the instance of complainant — a voluntary organization — dissolve the relationship between defendant and the general organization.
Again, the constitution and general rules of the international union should be considered. Section 2 provides that all actions of the international union shall be supreme over the locals. Section 71 provides that "no more charters for local unions shall be granted without the consent of the local union then in existence unless the president finds it beneficial to thewelfare of the organization to issue another charter."
I am convinced from the testimony that the charter was issued under this section and not under section 42, as complainants contend. It is obvious that the general welfare of the organization would be promoted by the separation of the warring groups. Section 17 gives the general president power to decide all questions of order, law and usages and all constitutional questions subject to appeal to the executive council, and from there to the convention. Section 68 provides that the provisions of the constitution shall be interpreted according to their most plain meaning, and should any doubt arise it shall be referred to the general president whose decision shall be final unless reversed by the convention. Section 94 repeats this ruling.
As I have said before, I believe that defendant's charter was granted not under section 42, but under 71, regularly and for the general welfare of the organization. No fraud has been shown and the court of chancery is without power to interfere.
 I shall therefore advise a decree dismissing the bill. *Page 477